## CIRCUIT COURT OF BOTETOURT COUNTY

Commonwealth of Virginia

    v.

Robert L. Kershnor

November 27, 1974

Case No. F-2919

By JUDGE ROSCOE B. STEPHENSON, JR.

The Court is called upon to determine the intent of the legislature respecting Code § 19.1-241.2 as it applies to the facts of this case, which reads as follows:

> Every person charged with the commission of a felony not free on bail or otherwise shall be brought before the judge of a court not of record on the first day on which such court sits after the person is charged. At this time, the judge shall inform the accused of his right to counsel and the amount of his bail. The accused shall be allowed a reasonable opportunity to employ counsel of his own choice or if appropriate, the statement of indigence provided for in Section 19.1-241.3 of the Code shall be executed.

The evidence in this case established that the accused was not brought before the judge of a court not of record "on the first day on which such court sits" after he was charged. Instead, he was brought before the court several days later. At the time he was charged with the current offense, the accused was being held in custody by the authorities in Roanoke County.

The accused contends that this requirement is mandatory and therefore jurisdictional and that the charge against the accused must be dismissed. I do not agree.

Assuming, but not deciding, that this statute applied to the accused in this case,[1] it is my opinion that the time for bringing the person charged before the court is directory. This being so, substantial compliance with that provision is all that is required. Unless it be shown that the failure to comply with this provision resulted in a denial of due process to the accused, I do not think the accused can be heard to complain.

The accused further contends that, even if the provision is directory and not mandatory, his rights in this case were prejudiced. I do not find any correlation between the bringing of the accused before the court and the alleged ineffectiveness of his counsel. The time element, in my judgment, had nothing to do with the question regarding the competent assistance of counsel.

Moreover, I do not find from the evidence that the accused had ineffective or incompetent counsel. It was only after he had been properly representing the accused and another (who was charged in a companion case) that the then counsel for both men learned, for the first time, that a conflict existed. Thereupon, he promptly withdrew from the case and other counsel was immediately appointed by the court.

I further hold that the evidence presented was sufficient to support a conviction. The court was the trier of the facts, a jury having been waived, and the evidence, in my judgment, clearly established the defendant's guilt beyond a reasonable doubt.

The motion to set aside the verdict is overruled.

---

[1] The argument can be advanced that, since the accused was already in jail in another jurisdiction awaiting trial on an offense charged in that jurisdiction, this statute does not apply.